## Henry Herrmann and John Herrmann v. City of East St. Louis.

1. DAMAGES—*Public Improvements—Measure of, Where Property is Not Taken.*—In an action for damages against a city for constructing a viaduct in front of the plaintiffs' property, a general appreciation of property arising either from a particular cause or from independent causes, can not be allowed as a set-off against damages produced by the particular improvement.

2. SAME—*Appreciation in Value from Independent Causes—Not to be Considered.*—In estimating the damages done to lands by the erection of any public work, as a viaduct, any mere general and public benefit or increase in value received by the property in common with other lands in the neighborhood, should not be taken into consideration.

**Trespass on the Case,** for damages sustained by the erection of a viaduct. In the City Court of East St. Louis; the Hon. ALEXANDER W. HOPE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict of not guilty; error by plaintiff. Heard in this court at the August term, 1894. Reversed and remanded. Opinion filed March 23, 1895.

BRIEF FOR PLAINTIFFS IN ERROR, KNISPEL & ROPIEQUET, ATTORNEYS.

The constitution of 1870 provides that private property shall not be taken or damaged for public use without just compensation. Constitution, Article 2, Sec. 13.

Under this constitutional provision a recovery may be had in all cases where private property has sustained a substantial damage by making and using an improvement that is public in its character. C. W. & I. R. Co. v. Ayres, 106 Ill. 518; Bloomington v. Pollock, 141 Ill. 348.

The owners of property bordering upon streets have, as an incident to their ownership to said property, a right of access by the way of the streets which can not be taken away or materially impaired by the city without incurring legal liability to the extent of the damage thereby occasioned. City of Chicago v. Union Building Ass'n, 102 Ill. 379.

An actual physical taking of property is not necessary to entitle an owner to compensation. To deprive him of the ordinary beneficial use or enjoyment of his property is in law equivalent to the taking of it, and is as much a taking as though the property were actually taken. Lewis on Eminent Domain, Secs. 53–9; Tiedeman on Police Power, p. 397; Cooley, Con. Lim., 6th Ed., 670.

And whenever by reason of the disturbance of this right the owner sustains a special damage with respect to his property, in excess of that sustained by the public generally by the construction of a public improvement interfering with the easement appurtenant to his property, he is entitled to recover damages. Rigney v. Chicago, 102 Ill., pages 64–65; Chicago v. Taylor, 125 U. S. 167–9.

Damaging of property of abutting owners without their consent, by reason of the appropriation of the street to a particular use, is in every just sense a taking of private property of the abutting owner to the extent of which it is thus damaged. Property consists, not of the physical thing on which it is predicated, but in the dominion that is rightfully and lawfully obtained over it, the right to its use, enjoyment, and disposition. Penn Mutual Life Ins. Co. v. Heiss, 141 Ill. 35.

An interference with an easement to property whereby the same is impaired or destroyed should be treated like any other case of partial taking. Lewis, Eminent Domain, p. 651.

The action for damages may be regarded as in the nature of one kind of condemnation proceeding. Chicago R. R. Co. v. Loeb, 118 Ill. 214; Penn Mutual Life Ins. Co. v. Heiss, 141 Ill. 35.

The compensation is the special damage sustained with respect to his property, in excess of that sustained by the public generally. Rigney v. Chicago, 102 Ill. 64-65; Penn Mutual Life Ins. Co. v. Heiss, 141 Ill. 61.

And plaintiff is entitled to recover unless the benefits received from making the improvement are equal to or greater than the loss. Shawneetown v. Mason, 82 Ill. 337; City of Elgin v. Eaton, 83 Ill. 537.

The real question is, how much the property has been depreciated in value by the construction of the public improvement. Springer v. City of Chicago, 135 Ill. 560, and cases cited.

In respect to property not taken, but damaged merely, it is the amount of damage, less the benefit incurred. It is the net benefit which should be deducted from the damage produced by the improvement, and the sum remaining will represent the just compensation which he will be entitled to. This will be usually more than the difference in market value. City of Bloomington v. Pollock, 38 Ill. App. 133; 141 Ill. 352.

The question of damages is to be determined with reference to special benefit only, to property not taken. Any mere general and public benefit or increase of value received by the land in common with other lands in the neighborhood is not to be taken into consideration in estimating damages. Village of Hyde Park v. Blake, 116 Ill. 167; C. & E. R. Co. v. Blake, 116 Ill. p. 169.

Where part of a tract is taken, just compensation would, therefore, consist of the value of the part taken and damages to the remainder, less any special benefit to such remainder; a sum of money which makes the owner whole and leaves him in as good a situation as his neighbor, no part of whose property has been taken. Lewis, Eminent Domain, Par. 471; Keithsburg R. R. Co. v. Henry, 79 Ill. 290; Parks

v. Hampden, 120 Mass. 395; Hilbourne v. Suffolk, 120 Mass. 393.

In making the estimate there must be excluded from consideration those benefits which the owner receives only in common with the community at large. Cooley, Con. Lim., 567–70; Roberts v. Comrs. Brown Co., 21 Kan. 247; Lewis on Eminent Domain, Par. 436; 4 Leading Cases American Real Prop., p. 478 and cases cited.

The general appreciation of property belongs to the property owner, and a railroad company is not entitled to the consideration of that element in the ascertainment of the compensation it must pay to the abutting proprietor. Allen v. Charlestown, 109 Mass. 243; Parks v. County of Hampden, 120 Mass. 395; Hilbourne v. Suffolk, 120 Mass. 393; Cross v. Plymouth, 125 Mass. 557.

The question is, what has been the actual result upon the land remaining; has its actual market value been decreased by the taking, or has the taking prevented an enhancement in value greater than has actually occurred, and if so to what extent? The absence of injury may have been the result of the general growth of the city by reason of which the particular property has grown in value with the rest of the city. Where it appears that property left has actually advanced in value, unless it can be shown that, but for the act of defendant in taking these easements, it would have grown still more in value, it has not been damaged. It is only necessary for us in this case to decide that, if the property of plaintiffs has increased in value since the taking of these easements, or a portion of them, and if such increase is largely due to the building and operation of the defendant's road, and if such increase would not have been greater but for the action of defendant, then the plaintiffs have suffered no damage. Bohm v. Metropolitan Electric Ry. Co., 129 N. Y. 576.

The general increase of value, resulting from the growth of public improvements, railroads, canals and highways, accrues to the public benefit, and in the computation of damages the land owner can not be charged therewith. The

question in each case is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood. Setzler v. Pennsylvania Schuylkill R. R. Co., 112 Pa. St. 56.

COCKRELL & MOYERS, attorneys for defendant in error.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Henry and John Herrmann sued the city of East St. Louis in an action on the case for damages to their property, situated in that city, arising from the construction of a viaduct in and over the street in front of their property for the use of the traveling public in crossing Cahokia creek and certain railroad tracks. The viaduct in front of the property in question was eighteen feet above the grade of the street and thirty-six feet wide, and was calculated to cut off free access to the property and in many other ways to interfere with the use and enjoyment thereof. A verdict was returned in favor of the city, and this appeal has been prosecuted from the judgment rendered on that verdict.

The record is voluminous, but the case may be disposed of without a detailed statement of the evidence produced upon the trial.

The court, at the request of the city, gave the following instructions to the jury:

"The court instructs the jury that the question to be determined is whether the property in question has been damaged by the viaduct; if not, then there can be no recovery. If the jury believe from the evidence said property was worth as much after said viaduct was built as before, then no damage can be said to have accrued thereto. There can be no damage to property without a pecuniary loss. If there has been no depreciation in the market value of the property, there is no damage and should be no recovery."

"The court instructs the jury that the measure of damages is confined to the difference between the market value

of the property just before and after the building of the viaduct in question. And if the jury believe from the evidence that the market value of the property now is the same or greater than just before building the viaduct then the jury will find for the defendant."

The measure of damages thus laid down was reiterated in other instructions given at the request of the city, and the instructions given for the Herrmanns were so modified as to announce the same doctrine. In fact, the rulings of the court on this point were consistent throughout the trial. In passing upon the evidence it was repeatedly stated and held by the court that the measure of damages was the difference between the market value immediately before and immediately after the construction of the viaduct, and this, although the construction of the viaduct may have been an absolute damage, and the market value may have been kept up, in spite thereof, by the general appreciation of property resulting from other causes.

The Herrmanns contended that extensive improvements, aside from the building of the viaduct, were in progress in the city, the effect of which was to enhance the value of property very considerably; that if these improvements had not been made, the building of the viaduct would have caused the property of the Herrmanns to become greatly depreciated in value; and that it was only because of the general appreciation of property from all these improvements, that appellant's property in question continued to be worth in the market as much after the viaduct was built as before.

Some evidence tending to support this theory crept into the record, notwithstanding the vigilance of the court in excluding such evidence from the jury. Some such evidence was excluded by the court of its own motion, against the objection of plaintiffs in error. The case may be properly considered on the theory that there was evidence actually before the jury, or which would have been before the jury but for the rulings of the court, tending to show that extensive improvements, other than the building of the viaduct

in question, were going on in the city, whereby there was a general rise of value throughout the city, affecting the property of plaintiffs in error, and that but for this general appreciation of values, the property in question would have been worth less after the construction of the viaduct than before.

If these are the actual facts, why are not the Herrmanns entitled to damages? All other citizens enjoy the benefit of a general rise of values; but these two, whose property receives no special benefit, who pay taxes for the general improvements, are to be shorn of their advantages from general appreciation by having such increase of value set off against their special damages. That is to say, as has been suggested in the argument, if a certain man has one hundred bushels of corn worth fifty cents per bushel, and another takes fifty bushels from him, the owner is not damaged provided the price of corn should increase to one dollar per bushel! Can this be the law? We think not.

It may be admitted that in many cases the difference in market value before and after the improvement, furnishes a sufficiently accurate rule for the ascertainment of the damages. Generally, the property does not rise in value to any appreciable extent from other causes during the progress of the work which produces the damages. But suppose a case in which the general growth of the city doubles the value of the property while the particular work is progressing; is the owner to have this general enhancement of values set off against his special damages? Is it more in accordance with the principles of justice to say that, inasmuch as the damages to which one is entitled must be special damages to his property from the particular work, and not damages suffered by the community generally, or arising from other causes, so the benefits set off against such special damages must be special benefits, and not a general appreciation of property arising either from the particular work, or from independent causes.

It seems to be the well settled law of this State that any mere general and public benefit or increase in value re-

ceived by the property in common with other lands in the neighborhood, should not be taken into consideration in estimating the damages.    Page et al. v. C., M. & St. P. Ry. Co., 70 Ill. 324; C. & E. R. R. Co. v. Blake, 116 Ill. 163; Village of Hy le Park v. Washington Ice Co., 117 Ill. 233; Washington Ice Co. v. City of Chicago, 147 Ill. 327; City of Bloomington v. Pollock, 38 Ill. App. 133, affirmed in 141 Ill. 346.

The case of Springer v. City of Chicago, 135 Ill. 552, holds no more than that, in estimating benefits and damages to property not taken, the whole of the particular improvement should be considered, on the ground that part of it might prove a damage, while the entire improvement might prove a benefit.    This is but fair, and in no manner contravenes the view of the law announced in this opinion, in which it is held that a general appreciation of property, arising either from a particular work or from independent causes, can not be allowed as a set-off against damages produced by the particular improvement.

For the errors indicated the judgment is reversed and the cause is remanded.