## Village of North Alton v. Louise Dorsett.

1. VERDICTS—*Conflicting Evidence.*—In cases of conflicting evidence, if the evidence of the successful party, when considered alone, is sufficient to support the finding, the Appellate Court will not ordinarily disturb the verdict.

2. PREPONDERANCE OF EVIDENCE—*Number of Witnesses.*—The largest number of witnesses may be on one side of a case and the decided weight of the evidence on the other.

3. MEASURE OF DAMAGES—*Grading Streets.*—Generally speaking, if an improvement of a street works an injury to private property, the measure of damages is the depreciation in the market value, or damages sustained less the benefits conferred.

Trespass on the Case.—Damages in grading streets. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

JNO. F. MCGINNIS, attorney for appellant.

C. L. COOK, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On June 9, 1894, it was resolved by the president and board of trustees of the village of North Alton that the holes in State street, between Mitchell and Parker streets, should be filled up to grade, and that this should be done with earth to be taken from Mitchell street. Accordingly Mitchell street was graded down, beginning with a cut of six inches or more at State street, and ending with a cut of two or three feet in front of appellee's property. Mitchell street ran east and west, and was terminated, as far as travel was concerned, at the northeast corner of appellee's property, by a deep ravine, which rendered progress to the east with vehicles impracticable. The effect of the cut in front of appellee's property was to render access thereto with vehicles more difficult, to necessitate the re-building of the fence, and the erection of some sort of a wall to prevent the earth from crumbling, and to render the property less desirable

in other respects. Whether or not the market value of the property was depreciated by the work in question, was a point upon which the witnesses differed, some holding the affirmative, with varying estimates of the damages at from one hundred to five hundred dollars, and others holding the negative, and declaring that the work was a positive benefit to the property. The evidence was conflicting, and it was the province of the jury to settle the controversy, and this was done by a verdict which awarded appellee the minimum amount of damages sworn to by her witnesses.

The evidence on the part of appellee, when considered alone, was amply sufficient to support a verdict in her favor, and in such a case an appellate court will not ordinarily be justified in disturbing the verdict. Calvert v. Carpenter et al., 96 Ill. 63, and Shevalier et al. v. Seager et al., 121 Id. 564.

The fact that more witnesses testified for appellant than for appellee was not sufficient to require a verdict in appellant's favor. The larger number of witnesses may be on one side of a case and the decided weight of the evidence may be on the other. Bishop v. Busse et al., 69 Ill. 403.

The law relating to the measure of damages where one's property is injured by a public improvement is so well settled as to require no exposition or elucidation in this case. Generally speaking, if an improvement of a street works an injury to private property, the measure of damages is the depreciation in market value, or the damages sustained, less the benefit conferred. Springer v. City of Chicago, 135 Ill. 552, and City of Bloomington v. Pollock, 141 Ill. 346. Certain exceptional cases demand a more exact statement of the law, as in Springer v. City of Chicago, *supra*, and in Hermann et al. v. City of East St. Louis, 58 Ill. App. 166, but the law is really the same, and the apparent difference arises from the application of the rule to peculiar and exceptional circumstances.

No error has been alleged as to the instructions, and the rulings of the court as to the admissibility of evidence are correct.

The judgment is affirmed.