(22 Misc. Rep. 4.)

## ENNIS v. DUDLEY.

(City Court of New York, General Term. December 11, 1897.)

BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.

The rule requiring plaintiff to prove his case by a preponderance of the evidence does not mean by a greater number of witnesses.

Appeal from trial term.

Action by Andrew Ennis against William Dudley. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Francis M. Scott, Corp. Counsel, for appellant.

Levy & Stewart, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. This action was for assault and battery alleged to have been committed by the defendant upon the plaintiff on the 9th day of December, 1895. The defendant was a police officer at the time of the occurrence. In the course of the trial the defendant offered in evidence a police court record of the conviction of the plaintiff for an assault upon the defendant while he was conveying the former to the station house on the night in question. The officer had been called to the residence of the plaintiff to quell a disturbance between him and his wife; and it is charged by the plaintiff that on the way to the station house, and while in charge of the defendant, as an officer of the police, the latter violently assaulted the former, and, by his violence, caused the plaintiff's leg to be broken. The defendant denies the assault, and asserts in his own behalf that the plaintiff struck him, and then attempted to escape, and, in his efforts to get away, fell, and thus occasioned the injury complained of. In Sims v. Sims, 75 N. Y. 471, 472, the court said, upon this precise question:

"Greenleaf states it as a general rule that a record of conviction of a crime is not admissible in evidence in a civil action to prove the fact upon which it was rendered; and, when offered for the purpose of establishing the fact of guilt, there is great weight of authority for the proposition that it is not admissible in a civil case."

Even if the record had been admitted, we fail to see that it would have had the effect to justify the assault committed by the defendant. There is no disputing the fact that the plaintiff's leg was broken in some manner, and while the plaintiff was on his way to the station house. He was subsequently taken to the hospital, where he remained for some weeks, in consequence of the injuries he received. There was, throughout the trial, a sharp conflict of evidence; and upon the issues thus presented the court left it for the jury to say what weight should be given to the evidence as given by the witnesses for the plaintiff and the defendant, respectively. It is true that the plaintiff was obliged to prove his case by a fair preponderance of evidence, but it is a general rule that "preponderance of evidence" does not mean the greater number of witnesses; and it was,

and always is, the peculiar province of the jury to examine the evidence, and give to it the weight to which they think it is entitled. We cannot say that they did not do so in the case at bar; and a verdict rendered upon disputed questions of fact should not be disturbed, unless for sufficient reason, which the record may present,— of undue influence, manifest prejudice, or that the same is against the weight of evidence or the preponderance of evidence.

The charge to the jury was eminently fair to the defendant. The defendant's exception to the refusal to charge as in the fourth request is without force, and for the sufficient reason that the defendant himself testified that he did not use any force; in fact, that he did not strike him at all. Nor do we think that the proposition contained in the sixth request would have been fair to the plaintiff, and its refusal was certainly not to the defendant's detriment; and, as it does not appear that the damages allowed are at all excessive, we are not inclined to disturb the verdict, and the judgment and order appealed from should be affirmed, with costs.

Judgment affirmed.

O'DWYER, J., concurs.