## John O. Butler et al. v. The City of East St. Louis.

1. MEASURE OF DAMAGES—*Construction of Viaducts.*—In an action to recover damages to property on account of the construction of a viaduct, it is error to instruct the jury, at the request of defendant, that the damages to the property caused by the viaduct was the difference between the value of it before and after the viaduct was erected, as ignoring the probable fact that there had been a general increase in the value of property throughout the city from causes other than the erection of the particular viaduct.

**Trespass on the Case.**—Damages on account of the erection of a viaduct. Error to the City Court of East St. Louis; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

J. M. FREELS and M. MILLARD, attorneys for plaintiffs in error.

FORMAN & BROWNING, attorneys for defendant in error.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

This is an action on the case brought by John O. Butler and Nicholas McCracken against the city of East St. Louis, to recover damages to their property on account of the construction by the city of a viaduct in and over the street in front of their property, for the use of the traveling public in crossing Cahokia Creek, and also a number of railroad tracks crossing Broadway, a street of the city, in and over which the viaduct was erected.

The case, in all material respects, is like the case of Herrmann v. The City of East St. Louis, 58 Ill. App. 166. Both cases grew out of the erection of the same viaduct, and probably the two were tried in the court below about the same time, as this case seems to have been tried in 1891.

The facts and instructions in the two cases were substantially the same, and the verdict and judgment in each case was for the defendant. The court reversed the judgment in

the Herrmann case, because the trial court instructed the jury, at the request of the city, that the damages to the property caused by the viaduct was the difference between the value of it before the viaduct was erected and the value of it after it was erected, thus ignoring the probable fact that there had been a general increase in the value of property throughout the city, from causes other than the erection of this particular viaduct. With the reasoning of the court in that case we agree, and accordingly the judgment in this case is reversed and the cause remanded for a new trial.