## INDIANAPOLIS STREET RAILWAY COMPANY *v.* JOHNSON.

[No. 20,398. Filed November 29, 1904.]

STREET RAILROADS.—*Running Against Vehicle on Track.*—*Interrogatories.*—*General Verdict.*—Where, in an action by a person riding in a vehicle with another, against a street railroad company for personal injuries caused by such company running one of its cars against such vehicle, the answers to special interrogatories show that the plaintiff was riding on a street eastward with two wheels of the vehicle on the south track of the street car line; that a car was run against the vehicle from the rear, overturning the vehicle and causing injuries; that neither she nor the driver looked back to see if a car was near; that the motorman sounded his gong and stopped his car just to the rear of the vehicle to allow a boy on a bicycle to get off the track; that within twenty feet such car struck the vehicle, which was in plain view; the plaintiff heard the car approaching from the rear; she warned the driver before he drove on such street of the danger, and that after they went on such street she made no effort to ascertain the whereabouts of the car, such answers were not in irreconcilable conflict with a general verdict for plaintiff, since there was nothing to show whether such vehicle could have been removed from the track at the place of collision, nor how fast the car was going, and since the jury must have found in the general verdict that plaintiff was not guilty of contributory negligence. *p. 522–525.*

TRIAL.—*Instructions.*—*Weight of Evidence.*—*Number of Witnesses.*—An instruction as follows: "the preponderance of evidence does not depend upon the number of witnesses, and does not mean the greater number of witnesses. It does depend upon the weight of the evidence, and means the greater weight of the evidence," is neither an incorrect statement of the law nor an invasion of the province of the jury. *p. 525,*

Trial.—*Use of "Shall" and "Should" in Instructions.*—It is not error to use the words "shall" and "should" in an instruction to the jury in reference to their duty as to their consideration of the evidence. *p. 526.*

Same.—*Duty of Guest of Driver as to Care.*—An instruction on the question of plaintiff's contributory negligence that the jury should take into account not only the plaintiff's conduct, but all the other circumstances surrounding the accident, and from all of these to determine such question, and if she were the mere guest of the driver, without authority to direct or manage the horse and vehicle, then such driver's negligence could not be imputed to her, was correct and accurately stated the law. *p. 527.*

Same.—*Imputed Negligence.*—The fact that plaintiff was the guest of the driver of a vehicle, and having no authority to direct nor manage such vehicle, does not impute to her such driver's negligence, but she must nevertheless use ordinary care and caution, such as the ordinary person should under the circumstances, to rescue herself from the danger. *pp. 527, 528.*

Same.—*Credibility of Witnesses.*—*Reconciling Evidence.*—An instruction that the jury are the exclusive judges of the credibility of the witnesses, and that they must, as far as possible, reconcile conflicting evidence, etc., is proper and does not confine the jury solely to the consideration of such conflicting evidence. *p. 529.*

Same.—*Duty to Present Fuller Instructions.*—Where an instruction is not as full as desired, counsel should present one to conform to their views. *p. 529.*

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by Mary E. Johnson against the Indianapolis Street Railway Company for damages for personal injuries. From a judgment on a verdict for $3,125, the defendant appeals. Transferred from the Appellate Court under § 1337u Burns 1901. *Affirmed.*

*F. Winter, S. M. Ralston* and *W. H. Latta,* for appellant.

*W. J. Beckett,* for appellee.

Jordan, J.—The complaint in this action upon which a recovery below was had alleges, among others, the following facts: On October 5, 1901, plaintiff was riding in a buggy with her husband, who was driving the horse attached to said vehicle. She had no control of the horse, and did not attempt in any way to direct her husband how

he should drive the buggy or where he should drive, or in what manner he should manage and control the horse. She was merely a passive guest of her husband while riding in the buggy. The defendant's double line of tracks of street railway which it was operating in the city of Indianapolis extends east and west on Market street running past and in front of the market house, commonly known as "Tomlinson hall." At the time in question, which was Saturday night of the day aforesaid mentioned, there were horses and vehicles along said market place which were backed down to the curb on both sides of the defendant's double tracks, leaving a passageway on East Market street from Delaware street to Alabama street, which way consisted of defendant's tracks, for the reason that all of the space on either side of the tracks in said street was occupied by vehicles and horses down to the curb, as hereinbefore stated. The condition of the street at the time of the accident was well known to the defendant and its servants and employes in charge of its cars running east and west on said Market street in front of said Tomlinson hall. The only part of the roadway left unoccupied in said street for the passage of horses and vehicles was the part occupied by the defendant's south track in passing east, and upon the north track in passing west. Vehicles were driven through said Market street and place, east upon the south track of the defendant's tracks, and west upon the north track, and all of these facts were well known to defendant at the time of the accident. Plaintiff's husband desired to pass in and through said Market street from Delaware street east to Alabama street, and for that purpose he turned on defendant's south track at Delaware street, at which time plaintff looked west on Market street for a street car, but neither saw nor heard one approaching on said south track. Her husband then turned the vehicle in which she was riding east upon said south track, and drove east thereon about one-half a square, and while thus driving on said track one of

defendant's cars, in charge of its servants in the line of their employment, negligently approached from the rear the buggy in which plaintff was riding.  The motorman and servants of the defendant in charge of said car could see and did see the buggy in which plaintiff was seated, which was then upon the track in front of said car; that said motorman could see and did see and know that neither plaintiff nor her husband could drive the horse and vehicle off said track by reason of the condition of the street as hereinbefore described; that the motorman could see and did see the perilous position and condition in which the plaintiff was placed upon said track, and could, in the exercise of ordinary care, have stopped said car and checked the speed thereof, and thereby avoided inflicting any injury upon plaintiff.  But the pleading charges that, when the plaintiff was in the position of peril upon said track as aforesaid stated, the defendant's servant and motorman in charge of said car negligently ran it upon said track towards said vehicle, and negligently ran against said vehicle, striking it in the rear, thereby negligently overturning it, throwing the plaintiff therefrom onto the street, under said vehicle, thereby negligently and seriously injuring her about the head, body, back, and limbs, etc.

A demurrer to the complaint was overruled by the lower court, and the cause was put at issue by appellant's filing an answer of general denial.  The venue of the cause was changed to the Boone Circuit Court, wherein a trial by jury resulted in a general verdict being returned in favor of appellee.  Along with its verdict the jury returned answers to a series of interrogatories.  Appellant unsuccessfully moved for judgment in its favor on the answers of the jury to the interrogatories.  Its motion for a new trial was denied, and judgment was rendered in favor of appellee upon the verdict of the jury.  Appellant appeals; and assigns that the court erred (1) in overruling the demurrer to the complaint; (2) in overruling its motion

for judgment on the answers to the interrogatories; (3) in overruling its motion for a new trial.

The first error assigned is not argued by appellant, and consequently must be considered as waived.

Appellant's counsel argue that the answers of the jury to the interrogatories conclusively disclose that appellee was guilty of negligence which contributed to the injury she sustained. These answers, in part, show that, at the time of the accident in controversy, appellee and her husband were driving in a buggy along Market street in the city of Indianapolis. They turned onto Market street from Delaware street, and were driving eastward on the latter street on and along the south track of appellant's railway, and at the time of the accident had reached a point on Market street about seventy-five feet from Alabama street. The car which collided with the buggy and turned it over, thereby injuring appellee, was running towards the east on said street, in the rear of plaintiff's buggy. It appears that neither she nor her husband looked to see how near the car was in the rear of the buggy. The motorman in charge of the car sounded the gong when he discovered a boy with a wheel on the track. On account of the boy's being on the track, the car, it appears, stopped to let him get off, and at the time it stopped for this purpose the distance intervening between the front of the car and the buggy in which the plaintiff was seated was twelve feet. The jury find that after the boy got out of the way the car ran about twenty feet before it collided with the buggy. As the plaintiff and her husband were traveling towards the east along Market street, the jury find that she heard the car approaching in the rear. At the time of the accident the buggy was moving along the street towards the east with its two north wheels between the rails of the track on which the car was running. The jury further find that the appellee, while she and her husband were traveling from Delaware street to where the collision occurred, warned her husband of the

danger they were in by reason of the car approaching their buggy in the rear. After turning into Market street from Delaware street, the plaintiff made no effort to ascertain the location and whereabouts of the car that came up from the rear. From these facts alone appellant's counsel contend that it appears that appellee did not exercise such care as the law exacts.

An examination of the special findings, in part, and as a whole, discloses no such irreconcilable conflict between them and the general verdict as would entitle appellant, over the general verdict, to a judgment in its favor. The rule is one well settled that all reasonable presumptions and intendments must be indulged by the court in favor of the general verdict, and nothing can be presumed in favor of the special findings or answers to interrogatories. The reason for this rule has been repeatedly given in the decisions of this court. Under the general verdict the jury is required to find upon all of the issuable facts proved in the case, while the court, in testing the force of isolated facts as disclosed by the special findings, is not in a position to know, and consequently is not advised what other facts bearing on the same matter or question were considered by the jury in arriving at the general verdict. The force and effect of the general verdict in this case compels the court to assume that the jury found under the evidence that the plaintiff was not guilty of contributory negligence. *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, and cases there cited.

A motion for judgment on the special findings and answers to interrogatories is properly denied, unless the antagonism between such findings and the general verdict is beyond the possibility of being removed or reconciled by any evidence legitimately admissible under the issues in the case. *McCoy* v. *Kokomo R., etc., Co.* (1902), 158 Ind. 662, and cases cited. The mere isolated facts as shown by the special findings, viz., that appellee, while

passing along the street prior to the accident, did not look
to the rear to discover whether a car was approaching from
that direction; that she made no effort, after the vehicle in
which she was riding turned onto Market street, to ascer-
tain the location of the car coming from the west; that she
heard it approaching, and gave her husband some warning
to the effect that they were in danger by reason of its ap-
proach towards them from the rear—are in the main, as
contended by counsel, sufficient to overthrow the general
verdict. It may be asserted, however, that there is nothing
in the special findings to advise the court of the particular
surroundings of the appellee and her husband immediately
at and prior to the collision in question. No facts are
found disclosing the speed at which the car in question was
running at the time. Appellee and her husband were driv-
ing towards the east on the south side of Market street,
which apparently was the proper side. There is no finding
to show that appellee or her husband could have removed
the buggy from the south track upon which they were driv-
ing to the north track, even if, under the circumstances, it
had been right for them to have done so. Under the facts
alleged in the complaint, and impliedly found in the gen-
eral verdict in favor of appellee, the jury may be said to
have found that the vehicle in which appellee was riding at
the time of the accident was required, when going east on
Market street, to keep on the south side thereof, and that
this fact was known to appellant and its motorman in
charge of the car. Certainly we can not adjudge as a
matter of law, under the mere facts disclosed by the special
findings, that appellee was guilty of negligence at the time
of the accident in question which contributed to her in-
juries. The question in regard to her contributory neg-
ligence under the evidence in this case was one of fact for
the determination of the jury from all of the evidence and
circumstances in the case touching or bearing thereon,
and, as previously said, the jurors by their general verdict

have found that fact in favor of appellee, and, as there is nothing in the special findings when tested by the rule asserted which would warrant the overthrow of the general verdict, appellant's motion, therefore, for judgment in its favor was properly denied. *Citizens St. R. Co. v. Damm* (1900), 25 Ind. App. 511; *Indianapolis St. R. Co. v. Darnell* (1904), 32 Ind. App. 687.

The court gave to the jury what apparently is a carefully prepared charge, but certain parts thereof are criticised by counsel for appellant. By the third instruction the jury was advised that, in order to entitle the plaintiff to recover, she must prove by a preponderance of all of the evidence all the material allegations contained in the complaint. Immediately following this statement, the court, in the same instruction, stated to the jury that *"the preponderance of evidence does not depend upon the number of witnesses, and does not mean the greater number of witnesses. It does depend upon the weight of the evidence, and means the greater weight of the evidence."* (Our italics.) Appellant criticises that part italicized, for the reason asserted that it does not state the law correctly, and was an invasion of the province of the jury. They assert that where the witnesses are equally credible in respect to their character, the preponderance of the evidence does depend upon the number of witnesses, and that the preponderance thereof is necessarily determined by the greater number of witnesses. As a general rule, the preponderance of the evidence in a case does not depend upon or mean the greater number of witnesses testifying upon the matter or matters in issue. Counsel mistake the law in their contention that where the witnesses in a case are equally credible in respect to their character, then, in such case, the preponderance of the evidence depends upon the number of witnesses testifying. This certainly is not the true test in any case. Any number of witnesses may be of equal credibility and possess equal information, and still differ

greatly in the amount or weight of their evidence. The authorities generally affirm that the number of witnesses are not to be counted by the jury or court trying the case in order to determine upon which side is the preponderance, but the evidence given by them is to be weighed, and the preponderance thereof does not depend on the greater number of the witnesses in the particular case. *Wray* v. *Tindall* (1874), 45 Ind. 517; *Howlett* v. *Dilts* (1892), 4 Ind. App. 23; *Bierbach* v. *Goodyear Rubber Co.* (1882), 54 Wis. 208, 11 N. W. 514, 41 Am. Rep. 19; *Ennis* v. *Dudley* (1897), 48 N. Y. Supp. 622; Jones, Evidence, §902; *Savannah, etc., R. Co.* v. *Wideman* (1896), 99 Ga. 245, 25 S. E. 400; *Village of North Alton* v. *Dorsett* (1895), 59 Ill. App. 612; *Bishop* v. *Busse* (1873), 69 Ill. 403. In 2 Bouvier's Law Dict., 730, preponderance of evidence is defined to be the "greater weight of evidence, or evidence which is more credible and convincing to the mind;" citing *Burton* v. *Metcalf* (1891), 80 Wis. 193. The instruction in question is not open to the objections urged by counsel for appellant. If not as full and explicit under the circumstances as desired, they should have tendered and requested an instruction expressing their views of the law on the question involved.

The fourteenth instruction given by the court is as follows: "In determining whether or not the plaintiff in this case was guilty of contributory negligence, you shall consider her own acts and conduct, and all the other circumstances shown in evidence surrounding the accident and injury, if any, to the plaintiff. And if you shall find from the preponderance of all the evidence that the plaintiff acted as a person of ordinary prudence under all the circumstances, you should find her free from contributory negligence, although you may find that her husband was guilty of negligence in the driving and management of his horse and vehicle. In other words, no negligence of the husband in the driving and management of said horse can

be imputed to the plaintiff, if you find that she herself was free from any fault or negligence, and was merely the passive guest of her husband, without any authority to direct or control the conduct or movements of her said husband in the driving and management of said horse."

It is insisted that this charge is bad, for the reason that it invades the province of the jury in stating to them that they shall consider the conduct of the plaintiff and other circumstances, etc.; the further contention being that by this statement of the court the question of plaintiff's contributory negligence was to be considered alone to the exclusion of the negligence on the part of her husband. It is insisted that the jury must have understood by the charge that the fact that plaintiff was merely a passive guest of her husband was equivalent to establishing her freedom from fault or negligence. It is further contended that it was not proper for the court to use the words "shall" and "should" as they are employed in the instruction. That the charge is not rendered bad for the latter reason is fully settled by the decision of this court in *Strebin* v. *Lavengood* (1904), *ante*, 478, and cases there cited.

It will be observed that by the instruction in controversy the jury was advised that on the question of plaintiff's contributory negligence they should take into consideration not only her own acts and conduct, but all other circumstances surrounding the accident. From a consideration of all of the facts the jury was informed that it should determine, under all of the circumstances, whether the plaintiff was free from contributory negligence. The charge further stated that if the plaintiff herself was free from such negligence, and was merely the passive guest of her husband, without any authority to control his conduct or movements in driving and managing the horse and vehicle, then under such circumstances the negligence of her husband could not be imputed to her.

The court in the tenth, eleventh, twelfth, and thirteenth

instructions fully advised the jury relative to the law governing the question of imputed negligence, and in this connection stated in these instructions that if plaintiff was but a passive guest of her husband, riding in the vehicle with him, he having the control and management of the horse and buggy, she, under such circumstances, could not be held chargeable with his negligence. But the fact that she was but a passive guest of her husband at the time would not relieve her from exercising ordinary care and caution, and with that degree of judgment and intelligence as should be employed by a person of ordinary prudence to rescue himself from danger.

The eleventh instruction further informed the jury that they should consider all of the circumstances and surroundings at the time the injury occurred, and determine therefrom and from all of the evidence in the case whether or not plaintiff was guilty of acts of negligence, or of the want of ordinary care which contributed to her injury. This part of instruction eleven was virtually repeated in charge fourteen, and when the latter is considered, either alone or in connection with other parts of the charge to which we have referred, it certainly can not be said to be open to the objections advanced by appellant's counsel. Surely the jury must have understood from the charge that on the question of plaintiff's negligence they were to consider her own acts and conduct at the time of the accident together with all of the other circumstances, surroundings, and evidence in the case, and thereby determine the question of contributory negligence.

In the case at bar there is no contention that, at the time plaintiff was injured she in any manner undertook to exercise for her safety the care which the law exacts of her through the agency of her husband who was driving and managing the movements of the buggy in which she was riding at the time. Therefore counsel are mistaken in their contention that the rule of imputed negligence, as

asserted in *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498, is applicable.

Instruction number eighteen also meets with objection. By it the court informed the jury that they were the exclusive judges of the credibility of witnesses, and that it was their duty to reconcile, so far as they could, conflicting evidence, etc. It is said that the vice of this charge is to confine the jury to the consideration of the interest and character of such witnesses whose evidence was conflicting. The instruction, however, does not warrant this assertion, and can not be said to be erroneous to the extent which it undertook to inform the jury upon the question of weighing the evidence. If appellant desired a fuller or more complete instruction on the points and matters therein enumerated, it ought to have requested the court to give one which would comport with its view of the law.

Finally, it may be said that the instructions in this case, when considered as a whole, as they must be, disclose no room for appellant to complain that it was in any manner prejudiced by the court's charge to the jury.

We find no available error, and the judgment is therefore affirmed.