## CITY OF BLOOMINGTON

v.

## JOHN E. POLLOCK.

*Municipal Corporations—Streets—Raising Grade of—Damages to Adjacent-Property—Ordinances.*

1. In an action by a property owner to recover damages caused by a change of grade in the street abutting his property, the fact that the grade was fixed by an ordinance passed prior to the purchase of the property by plaintiff, and prior to the adoption of the present constitution, was no defense.

2. In such an action, the plaintiff is entitled to recover the damages caused to the property, less the benefits conferred. from which benefits should be deducted the cost, to the owner, of the improvement.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. SAIN WELTY, for appellant.

Messrs. JAMES S. EWING and A. E. DEMANGE, for appellee.

WALL, J. The appellee recovered a judgment for the sum of $900 against the appellant, the City of Bloomington, on account of damages alleged to have been sustained by reason of the raising of the grade of the street in front of the property owned and occupied by the plaintiff as a residence. The damages complained of were, that dust and water were thrown upon the lot, and the property was rendered unsightly and unsalable because it was lower than the street as raised.

Upon the question of the amount of the damages there was a wide range in the testimony, but there is no sufficient reason for the interference of this court in that respect. Conflicting as the evidence is, the verdict has ample support, and we think it unnecessary to discuss this branch of the case.

Nor is it necessary to consider whether, for such injuries as

here complained of, the city is liable; for, as we understand it, since the adoption of the present constitution, this is not an open question. The constitutional provision involved and the adjudications thereon are familiar and need not be quoted or cited.

The several points urged by appellant raise in effect but two questions.

*First.* It was urged in the trial court and is here, that because the grade of the street had been fixed by ordinance before the adoption of the present constitution and before the appellee acquired the property, the appellant was not liable for the damages in question. This defense was presented by a special plea which was held bad on demurrer, and upon the trial the appellant offered to prove the fact and asked an instruction with the same view. The proof was excluded and the instruction refused. It appears from the evidence that the house was built in 1858; that the city made the improvement complained of in 1889, and the proposed proof was that the ordinance fixing the grade was adopted in 1860. It is assumed that the appellee, in common with other lot owners, was bound to take notice of the ordinance because it was duly passed and published, and was recorded in a book open to public inspection. Conceding he was presumed to have knowledge of the ordinance, the question is, whether when he bought the property, he took it subject to the burden or the risk that it might subsequently be damaged by raising the grade to the limit fixed by the ordinance. Whatever the immunity of the city for these damages, had the grade been raised before the adoption of the constitution, the injury was not inflicted until after the constitution was adopted; and the defense urged, implies that there was in the city a vested right to make the improvement without liability, because the grade had previously been established. Appellant argues that the right, coupled with the immunity thus contended for, is saved by Section 1 of the schedule to the constitution providing "that all *laws* in force at the adoption of this constitution, not inconsistent therewith, and all *rights*, actions, prosecutions, claims and contracts of this State, individuals or

bodies corporate, shall continue to be as valid as if this constitution had not been adopted."

We deem it not essential to determine whether the ordinance in question is a "law" within the meaning of this provision, or whether the term "rights" here employed would include the right to make this grade; for if so admitted, we think the contention of appellant is not thereby sustained. Such a "law," so far as it carried non-liability for injury, would be inconsistent with the constitutional provision imposing liability. The right to make the grade as provided by the ordinance was one which the city might avail of or not.

Prior to the adoption of the present constitution it might have changed the grade at pleasure without incurring liability to those who built with express reference thereto. Dillon on Municipal Corporations, Vol. 2, Secs. 543 and 782. So far as this property was concerned, the house having been built prior to the passage of the ordinance, there was no duty on the part of the city to raise the street to the grade fixed by the ordinance, and on the other hand we do not see by what process of reasoning the city invested itself with immunity by merely passing the ordinance before the constitution was adopted. The city is but an agency of the State for governmental purposes. Its charter as well as its ordinances might be annulled by the State at any time, and there is in our judgment no warrant for the position that the quoted section of the schedule was intended to operate as appellant here contends. The ordinance and power to improve the street accordingly were not set aside by the constitution, but when it was therein declared that private property shall not be damaged for public use without just compensation, there was imposed a condition—a consequence not before existing—and to which the city in its acts performed after the constitution took effect was subject. The city might still make the improvement, but would be liable for the damages. We are disposed to agree with the Circuit Court upon this point.

*Second.* It is urged the court erred in permitting the appellee to prove the amount paid by him upon his special assessment for the improvement of the street—the amount of damages being thereby enhanced.

With regard to the measure of damages the court gave the following instructions at the instance of the plaintiff:

" The court instructs you that if you believe from the evidence that the city raised the level of Washington street, or caused it to be raised, for the laying of a pavement thereon, and that such raising of said street above its former level damaged the property of the plaintiff described in the declaration, and reduced its market value, then the plaintiff is entitled to recover the amount that his said property was so damaged, less the benefit, if any, which the evidence shows the property received from the making of the street improvement.

" The court instructs the jury that in case they should believe from the evidence the plaintiff had been in any way benefited by the improvement of the street in front of plaintiff's property in question, then in such estimate the jury should deduct from such benefit what they believe from the evidence plaintiff has paid and is liable to pay, toward making the pavement in front of said premises, and in any event it is only the difference between the benefits proved by the evidence and such payment, and liability to pay which can be set off against the damage to plaintiff's property if plaintiff has proven any damage.

" The court instructs you that the measure of damages in this case, if any have been proven, is the difference in the market value of plaintiff's property before the level of the street was raised and its market value after the street was so raised."

It will be seen that here are two different measures of damages, one the difference in market value before and after the street was raised, the other the damages caused to the property, less the benefits conferred, from which benefits should be deducted the cost to the owner of the improvement, the latter being the more favorable to the plaintiff.

Is it sound and correct in principle?

The case is one where plaintiff seeks the "just compensation " guaranteed by the constitution where private property has been damaged for public use. In respect to property not taken, but damaged merely, the compensation is the amount of

the damage less the benefit conferred.   Now, should the bene-
fit be considered without regard to the cost of it to the owner
of the property?   Manifestly he is not benefited the whole
sum of benefit conferred, because he has been compelled to
pay a certain amount by way of assessment in order to obtain
whatever benefit is attributable to the improvement.   It is the
*net* benefit which should be deducted from the damage pro-
duced by the improvement, and the sum  remaining will rep-
resent the just compensation which he will be entitled to.
This will usually be more than the difference in market value.
At least it is so theoretically in all cases, for it is presumable
that the market value is diminished to the extent of the dam-
age, less the benefit.

   We are of opinion no error was committed in  this respect
of which appellant may complain.

   The judgment will be affirmed.

*Judgment affirmed.*