## THE CITY OF BLOOMINGTON

### v.

## JOHN E. POLLOCK.

*Filed at Springfield May 11, 1892.*

1. MUNICIPAL CORPORATIONS—*power to establish the grade of streets, a continuing power.* The powers given to cities and villages to alter, grade, pave or otherwise improve their streets are continuing powers, and are not exhausted by their first exercise, and ordinances adopted under such powers fixing the grades of streets are not in the nature of compacts or contracts with owners of abutting lots.

2. SAME—*liability for damage caused by changing the grade of a street.* In respect to the legal liability of a municipal corporation for damage done in grading its streets, it is wholly immaterial, from a legal standpoint, whether such grading is done under an ordinance establishing a grade in the first instance, or under an ordinance changing the grade theretofore established. So a city, with or without a prior ordinance, is free to establish, by ordinance, any grade it sees fit, subject only to the qualification that such grade is not so wholly unreasonable as to render the ordinance void.

3. Since the adoption of the constitution of 1870, a city, in making a public improvement, such as changing the grade of a street, is liable for the damages thereby caused to private property, which may be recovered by an action at law at the suit of the owner of such property.

4. SAME—*immunity prior to adoption of the constitution, not continued by section 1 of the schedule.* If an ordinance of a city for the grading of a street, passed before the adoption of the constitution of 1870, carries with it immunity from the burden of compensation to private property that may be damaged for public use, it will not be continued in force by section 1 of the schedule of the constitution, which provides that all laws in force at its adoption, as such a law, (if the ordinance be one,) is inconsistent with section 13, article 2, of the constitution.

5. SAME—*liability determined by law in force when the injury is in fact done.* An ordinance of a city for the grading of a street, passed before the constitution of 1870, merely establishes the grade of the street, and the question of the liability of the city for an injury that might or might not thereafter be occasioned by bringing the street to such grade is a matter wholly *dehors* the ordinance itself, and the question of immunity or liability depends exclusively upon the law in force at the time the grading is in fact done.

6. SAME—*changing grade of street—measure of damage.* On the trial of an action brought by a lot owner against a city for an injury to his

lot by raising the grade of a street, the court allowed the plaintiff to prove the amount paid by him as a special tax on his premises for the improvement of the street, and in respect to the measure of damages instructed the jury, in substance, that the plaintiff, in the event he proved his case, was entitled to recover the amount that his property was damaged by the raising of the street, less the benefits, if any, that accrued to the property by the making of the improvement, but that before making such reduction they should first subtract from the benefits the sum paid by the plaintiff as a special tax for the making of such improvement: *Held,* that there was no error in the admission of such evidence or in the giving of the instruction.

7. Where an improvement is made in a street which works an injury to private property, and no special tax therefor is levied on the property, then the measure of damages is the difference or depreciation in market value, or, that which is the same thing, the damage less the benefits; but where the improvement so made is paid for in part by the owner of the property injured, by way of special taxation, then another element necessarily enters into the computation of damages to be assessed in favor of such owner, for unless the amount paid in order to secure the benefits set off against damage is taken into consideration and deducted from benefits, by exactly that amount the damages recovered will fall short of being just compensation.

Aᴘᴘᴇᴀʟ from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. Oᴡᴇɴ T. Rᴇᴇᴠᴇs, Judge, presiding.

Mr. Sᴀɪɴ Wᴇʟᴛʏ, for the appellant:

The court should have received the evidence offered by the defendant to show that the city, by ordinance, had fixed a grade for Washington street, and that the plaintiff purchased his property since the grade was so fixed.

This court, in cases arising previous to the adoption of the constitution of 1870, has uniformly held that a city could change the grade of a street without liability, if due care and skill were used. *Roberts* v. *Chicago,* 26 Ill. 249; *Chicago* v. *Rumsey,* 87 id. 348.

In *Elgin* v. *Eaton,* 83 Ill. 535, both the established grade and the surface of the streets in question were changed since the adoption of the constitution of 1870.

The court improperly permitted plaintiff to show what he had paid, and was liable to pay, toward the improvement of said street.   *Page* v. *Railroad Co.* 70 Ill. 324; *Shawneetown* v. *Mason,* 82 id. 324.

As to the plenary power of the city over its streets, see 2 Dillon on Corp. (4th ed.) secs. 656, 683; *People* v. *Walsh,* 96 Ill. 232.

This is a continuing power, and is not exhausted by its first exercise.   2 Dillon on Corp. secs. 685, 686.

Mr. JAMES S. EWING, and Mr. A. E. DEMANGE, for the appellee:

The exact question raised in this case has been passed upon by this court and the liability of the city determined in *Elgin* v. *Eaton,* 83 Ill. 535, *Pekin* v. *Brereton,* 67 id. 477, and *Shawneetown* v. *Mason,* 82 id. 337.

The *Elgin case* has not been unfavorably criticised or overruled by any subsequent case, but is referred to in *Railway Co.* v. *Railway Co.* 105 Ill. 121, *Aurora* v. *Dale,* 90 id. 46, and *Harwood* v. *Bloomington,* 124 id. 50.   See, also, *Harmon* v. *Omaha,* 17 Neb. 548; *Railway Co.* v. *Ayres,* 106 Ill. 518; *Rigney* v. *Chicago,* 102 id. 64; *Railroad Co.* v. *Reich,* 101 id. 157; *Chicago* v. *Building Association,* 102 id. 379.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Appellee brought *case* against the appellant city, and recovered a judgment for damages, which was affirmed in the Appellate Court.   The substance of his claim is, that the city raised the level of Washington street in front of the premises owned and occupied by him as a residence and paved it with brick, and thereby overflowed his premises with water, and deposited large quantities of clay and soil upon the same, destroying his grass and lawn, etc., and left his lot and house so much below the level of said street that it became inconvenient and unsafe to enter the premises from the street.   It seems

from the record that the house in question was built in 1858, that the ordinance fixing the grade of the street was adopted in 1860, that appellee purchased the house and lot in 1878, and that the improvements complained of were made in 1889.

One contention of appellant appears to be, that although under the constitutional provision of 1870 (art. 2, sec. 13,) that "private property shall not be taken or damaged for public use without just compensation" there may be a right to recover damages occasioned by a change in a grade theretofore officially established, yet that for the original establishment of a grade line, and the bringing of the natural surface of the street for streeet purposes to such line, there is no legal right in the lot owner to compensation for damage occasioned thereby. This is not an open question in this court. *City of Elgin* v. *Eaton*, 83 Ill. 535, was a case on all fours with this, with the single exception that there the ordinance fixing the grade was passed subsequent to the time that the constitution of 1870 went in force, while here the ordinance was passed prior to such time. In the report of the *Elgin case* the facts do not very clearly appear, but they were, that the ordinance determining the grade of the streets there involved was the original establishment of a grade for such streets, and that it was adopted on September 12, 1871. We there said: "It is first urged, that a municipal corporation is not liable for damages growing out of grading their streets. This was, no doubt, true before the adoption of our present constitution. * * * Now, this was private property, and the improvement was being made for public use, and if the property was damaged thereby, appellee is entitled to just compensation for such damage. If injury was sustained, it was for public use. * * * If a person is damaged in making such improvement, he may recover."

By its charter the city of Bloomington is given power to alter, grade, pave or otherwise improve its streets. Similar powers are given to probably all the cities in the State. Such

powers are continuing powers, and are not exhausted by their first exercise; and the ordinance of 1860, establishing the grade of Washington street, was not in the nature of a compact, and other like ordinances adopted under like powers are not in the nature of compacts. (2 Dillon on Mun. Corp. (4th ed.) secs 685, 686; *Goszler* v. *Georgetown,* 6 Wheat. 593.) It would seem, then, in respect to the legal liability of a municipal corporation for damage done in grading its streets, that it is wholly immaterial, from a legal standpoint, whether such grading is done under an ordinance establishing a grade in the first instance, or under an ordinance changing the grade, for even if there be a prior ordinance it does not have the elements of a contract, does not impose a legal duty to level or bring the streets to the grade fixed by it, and does not prevent the municipality from placing its streets at any grade that it may thereafter ordain. In other words, either with or without a prior ordinance, the city is free to establish, by ordinance, any grade it sees fit, subject only to the qualification that such grade is not so wholly unreasonable as to render the ordinance void.

It is suggested that when a public street is dedicated, the dedicator must be held to contemplate and consent that such street may be brought to an official grade, and that his assignee of adjoining lots stands in his shoes; and that if the street is acquired by eminent domain, the right to grade is included in the compensation awarded. But it may be also said, that the dedicator is bound to know that an unrestricted power to grade is a continuing power, and that the exercise of such power is not in the nature of a compact, and that he must therefore be held to also contemplate and consent that, as the exigencies of growth and business require, the grade of the dedicated street may be changed; and it is not perceived why the compensation awarded in the condemnation proceeding does not include the right to change the grade of the street acquired, whenever the municipal authorities so elect. In

fact, we are unable to see any sound legal ground for a distinction between cases where the damage is done under an ordinance which changes the grade of a street, and cases where the damage is done under an ordinance which for the first time establishes the grade. There is, it is true, in some cases of a change of grade,—as, where improvements have been made with reference to the first grade,— a sort of natural equity that does not exist in the case of an original establishment of grade; but then, even where a grade is changed, if no improvements have been made relying on the first grade, such equity is equally wanting,—and so this equity does not afford a solid ground of distinction, in respect to liability for damage, as between a case of original graduation and a change of grade. Besides this, we know of no principle of law by virtue of which this natural equity can be availed of without legislation. We think, and especially so in view of former decisions of this court, that appellant should take nothing by its contention in this behalf.

Another claim made is, that the ordinance of 1860, establishing the grade to which the street was raised in 1889, was passed before the adoption of the constitution of 1870; that prior to the constitutional guaranty in that instrument of just compensation for private property damaged for public use, the city had the right, using due care and skill, to change the surface of the street without incurring liability for resulting damage, and that therefore appellant is not bound to respond in damages in this cause. This claim is predicated upon section 1 of the schedule to the constitution, which provides: "That all *laws* in force at the adoption of this constitution, not inconsistent therewith, and all *rights*, actions, prosecutions, claims and contracts of this State, individuals or bodies corporate, shall continue to be as valid as if this constitution had not been adopted." Assuming that the ordinance is a "law," within the meaning of this section, yet the only effect of said section is, that the ordinance continued in force as a

valid official establishment of the grade of the street, and the only "right" preserved to the city was the right to raise the street to that grade without further legislation on its part fixing the grade determined therein as the official grade of the street. If the ordinance, in fact, carries with it, as an element, immunity from the burden of compensating for damage done private property, then it is a law in regard to which it is impossible to affirm that it is "not inconsistent" with the constitution, and in that event it is not within the purview of said section 1 of the schedule, and, by necessary implication, was repealed by section 13 of article 2 of the constitution. But, as we understand it, the sole and only function of the ordinance was to establish the grade of the street. The matter of the liability or non-liability for injury that might or might not thereafter be occasioned by bringing the street to the grade so established, was and is a matter wholly *dehors* the ordinance itself, and the question of such immunity or liability depends exclusively upon the mandate of the law which is in force at the time the grading is in fact done. In our opinion there is no merit in this claim of immunity made by appellant.

The trial court permitted appellee to prove the amount paid by him as a special tax on his premises for the improvement now in question, and in respect to the measure of damages instructed the jury, in substance, that the plaintiff, in the event he proved his case, was entitled to recover the amount that his property was damaged by the raising of the street, less the benefits, if any, that accrued to the property by the making of the improvement, but that before making such reduction they should first subtract from the benefits the sum paid by plaintiff as a special tax for the making of such improvement. It is urged that in admitting such evidence and in so instructing the jury there was error.

In the opinion in this case delivered in the Appellate Court by WALL, J., it is said: "The case is one where plaintiff seeks the 'just compensation' guaranteed by the constitution where

private property has been damaged for public use. In respect to property not taken, but damaged, merely, the compensation is the amount of the damage less the benefit conferred. Now, should the benefit be considered without regard to the cost of it to the owner of the property? Manifestly he is not benefited the whole sum of benefit conferred, because he has been compelled to pay a certain amount, by way of assessment, in order to obtain whatever benefit is attributable to the improvement. It is the *net* benefit which should be deducted from the damage produced by the improvement, and the sum remaining will represent the just compensation which he will be entitled to: This will usually be more than the difference in market value. At least it is so theoretically in all cases, for it is presumable that the market value is diminished to the extent of the damage, less the benefit." (38 Ill. App. 133.)

We concur in this statement of the law. Where an improvement is made in a street which works an injury to private property, and no special tax therefor is levied on the property, then the measure of damages is the difference or depreciation in market value, or, that which is the same thing, the damage less the benefit. (*Springer* v. *City of Chicago*, 135 Ill. 552, and authorities there cited.) But where the improvement so made is paid for, in part, by the owner of the property injured, by way of special taxation, then another element necessarily enters into the computation of the damages to be assessed in favor of such owner, for unless the amount paid in order to secure the benefits set off against damage is taken into consideration and deducted from benefits, by exactly that amount the damages recovered will fall short of being just compensation. We are inclined to think that there was no error in admitting the testimony in question, and in instructing the jury as above indicated.

The judgment of affirmance rendered in the Appellate Court is affirmed.

*Judgment affirmed.*