## The Village of Grant Park v. Joseph Trah.

### Gen. No. 4,851.

1. RES ADJUDICATA—*what not, of damage to private property.* Where the real estate of a person is injured by the change of the grade of a street and by the construction of a sidewalk pursuant thereto, such person is not precluded from asserting his claim to damages merely because such sidewalk was provided to be built by special taxation or because of the finding by the municipal authorities that such improvement would benefit the property of the plaintiff.

2. MEASURE OF DAMAGES—*in action for injury occasioned by change of grade.* In such an action it is proper to instruct the jury to subtract from the benefits which may appear to have accrued to the property of the plaintiff the sum charged against the property as a special tax for the making of the sidewalk accompanying such change of grade, where it appears that the validity of such tax was conceded by the plaintiff.

3. INCOMPETENT EVIDENCE—*when admission of, will not reverse.* Where evidence was competent at the time it was offered but subsequently, in view of other testimony, became incompetent, a motion to exclude should be interposed in order to raise the question of the incompetency of such evidence.

4. PHOTOGRAPHS—*when, competent.* A photograph of real estate showing how it existed prior to the change in the grade upon the street upon which it is situated, is competent. (See reporters' note.)

Action on the case for injury to real property. Appeal from the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

CHARLES B. CAMPBELL, for appellant.

W. R. HUNTER and A. L. GRANGER, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellee is the owner of lots 9 and 10 in block 18, village

of Grant Park, Kankakee county, upon which he has erected five brick buildings. The lots are each 150 feet long east and west and 33 feet wide north and south. Taylor street runs east and west along the south side of lot 9, and lot 10 lies immediately north of lot 9. On the east these lots face Main street, which runs north and south, and on the west they abut upon an alley. Two of the buildings on these lots were erected in 1884, the others at different times since then, the last one being built in 1896. All of the buildings were built upon the same level and some eight inches higher than the sidewalk, which was constructed of boards, and about two feet above the level of the street as it then existed. For a short distance west of Main street, Taylor street is level, then the surface of the earth to the west rises gradually to a higher elevation or hill. In 1902 the village authorities established a street grade making the slope from the top of the elevation west of Main street to the corner of Main and Taylor streets a more gradual slope, thereby raising the level of both Main and Taylor streets where appellee's property fronted upon them. In April of the same year they adopted an ordinance under the act known as the Sidewalk Act of 1875, providing for the construction of cement walks along the south side of lot 9 and along the east end of said lot 9 and lot 10, and requiring that one-half of the cost of constructing said walks should be paid by special taxation of lots 9 and 10 and the other half out of the general funds of the village. The ordinance required the owner to build the walks within thirty days after its publication, and if he failed to do so the village should construct them and collect one-half the cost by special taxation of the lots as provided by statute. Appellee failing to construct the walks, they were built by appellant, and one-half the cost, $196.75, was charged against the lots. Appellant built the walks in conformity with the established grade of the street and at a considerable elevation above the old sidewalk, and from a few inches to several inches higher than the floors and thresholds of the doors at the entrance of appellee's buildings. Appellee

claims his property has been seriously damaged on account of these acts of appellant and brought this suit in the Circuit Court to recover damages therefor. The trial resulted in a judgment in his favor for $1,271.37 from which this appeal is prosecuted.

It fairly appears from the evidence, we think, that when appellee began erecting his buildings, an engineer employed by appellee made a survey and determined what was supposed to be the proper grade or level of the streets at the place in controversy, and appellee put up his buildings with reference thereto. The sidewalks built at that time were of wood, and partly built and paid for by appellee, and partly by appellant and appellee jointly, and appear to have been considerably above the street level. It is quite evident that the elevation of the sidewalk above the door sills of the doors, through which one entering from the sidewalk had to pass, seriously interfered with ingress and egress to and from the premises.

The most serious question involved in this case, and the one to which the principal part of the argument of appellant's counsel is devoted, is as to the effect to be given to the action of the village authorities in imposing the special tax. It is contended that when they did so, it was a determination by that body that the lots of appellee would not be damaged by the construction of the sidewalks, but would be specially benefited to the extent of that part of the cost taxed against them, and that appellee was concluded by that decision of the village authorities unless the ordinance was adjudged invalid. No attack is made upon the validity of the ordinance and by special stipulation between the parties it is agreed that the ordinance was legally passed and published. If this question has been before the Supreme Court of this state, except in City of Bloomington v. Pollock, 141 Ill. 346, our attention has not been called to it by the briefs of counsel. We have read all the cases cited in appellant's brief, and do not understand that the question here involved was before the Supreme Court in any of them. In White v. The People, 94 Ill. 604, the constitutionality of the

Sidewalk Act of 1875, was the question before the court, and it was held constitutional. In that and numerous subsequent cases, expressions will be found to the effect that whether the property taxed is benefited or not, is left entirely to the determination of the municipal authorities. In all these cases, however, the question involved was the validity of the tax. The authorities are uniform to the effect that a special tax imposed by ordinance under the act mentioned is valid unless the ordinance is void as being unreasonable and oppressive, and as no other tribunal is provided by the act for determining whether the property taxed is benefited to the extent of the tax, the decision of the municipal authorities to tax the property is conclusive, when the validity of the tax is the question involved, and their determination cannot be inquired into except in so far as this question may be involved in a determination of whether the ordinance is void as being unreasonable and oppressive. This may be done when application is made for judgment. Field v. Village of Western Springs, 181 Ill. 186; I. C. R. R. Co. v. The People, 170 Ill. 224. In Davis v. The City of Litchfield, 155 Ill. 384, it was held that where the improvement is by special taxation, the property owner cannot go behind the action of the city council to inquire into the benefits of the proposed improvement. Here, no question is involved as to the validity of the tax. This case was tried by both sides on the theory that the tax was valid. It is contended that as the sidewalk was built from a few inches to several inches above the thresholds or door sills of the doors into appellee's buildings from the streets, it has greatly damaged and injured his property, and the power and authority of municipal authorities conclusively to determine the property owner's right to recover for an injury resulting from an improvement built wholly or in part by special taxation, is denied. Since appellee erected his buildings, and before the sidewalk in question was built, the surface of the street in that vicinity was raised to some extent and a grade established at a higher level than the former one. In City of Chicago v. Jackson, 196 Ill.

496, it was said : " It has been uniformly held by this court that any change in the grade of a street by which egress and ingress is obstructed to the private property of an owner is damaging private property for public use, within the meaning of section 13 of article 2 of the constitution of 1870," and numerous cases are there cited in support of that proposition. We think the evidence in this case abundantly shows that the elevation of the sidewalk, which was done to conform to the last established street grade, was a substantial injury to appellee's property, and the injury materially exceeded the benefits of the improvement. To us it would seem an unreasonable and harsh rule that would permit municipalities, under the power to build improvements by special taxation, to injure property far in excess of any benefits conferred by the improvement, and at the same time by determining themselves that they were conferring benefits, to compel the owner to pay for the improvement. As is well said by appellee in his brief, it is not sufficient to say that the property owner has his remedy when application is made for judgment against the property for the taxes, because the injury may be committed long before he can have resort to this remedy. The present case is a very good illustration. The ordinance was passed in April, 1902, and the sidewalk built in July following. No opportunity was therefore afforded appellee to raise the question of the unreasonableness and oppressiveness of the ordinance in time to have averted or prevented the injury to his property. In Field v. Village of Western Springs, *supra*, it was held that a bill for injunction in such case on the ground that the ordinance is unreasonable, unjust and oppressive will not lie, because the remedy is at law when application is made for judgment. The City of Bloomington v. Pollock, *supra*, was an action against the city by the property owner for raising the level of the street upon which his property abutted, and thereby causing water to overflow his premises, and deposit large quantities of clay and soil upon his lots. In that case the improvement was made by special taxation, and the property owner required

to pay a part of the cost thereof. He recovered judgment for $900, which was affirmed by the Appellate Court (38 Ill. App. 133), and by the Supreme Court. True, the improvement was not made under the Sidewalk Act, but it was made by special taxation of the property, and the principle appears to us the same. If that case was decided correctly, and we believe it was, it appears to us conclusive of this case. It is said by counsel for appellant that this question was not raised nor passed upon in that case. While the question is not specifically discussed in the opinion, it was involved, we think, in that case, and it can hardly be supposed that so vital a question could be overlooked.

Complaint is made of the second instruction given for appellee which was as follows: "If you believe from the evidence that the property of the plaintiff was damaged by reason of the construction of said walks, then the plaintiff is entitled to recover the amount that his said property was damaged by the construction of the walks, less the benefits, if any, that accrued to the property by reason of building said walks; but before making such reduction from damages, you should first subtract from the benefits, if any, found by you, the sum charged up against the property as a special tax for the making of said sidewalks." It is admitted that an instruction in substance the same was approved in City of Bloomington v. Pollock, *supra*, and a distinction is attempted to be drawn, because in this case there is no proof of payment. The instruction in the Bloomington case told the jury that in assessing the damages they should deduct the benefits that accrued to the property by the making of the improvement, but before making the reduction they should first subtract from the benefits the sum paid by plaintiff as a special tax; while in this case the instruction authorized the jury to subtract from the benefits "the sum charged up against the property as a special tax for the making of said sidewalks." It is argued that until the tax is paid it could not properly be deducted from the benefits, because it might be that on objection filed when application for judgment is made, the ordinance

Village of Grant Park v. Trah.

would be held void. Certainly nothing of that kind could occur in this case. As we have before stated, the ordinance is admitted to have been legally passed and published and the validity of the tax is not questioned. Not only is it not questioned but it is apparent that appellee's case was tried on the assumption that the special tax was a binding obligation and that unless he paid it the lots were liable to sale for payment, and that was the effect of the stipulation made between the parties on the trial. The record and proceedings in this case would effectually preclude him from afterwards objecting to the ordinance or the validity of the tax and the rights of appellee were as fully protected so far as this question was concerned, as if the tax had been paid. We are of the opinion, therefore, that the objection to this instruction is not well taken, and if we are correct in these views, it follows no error was committed by the court in refusing instructions asked by appellant.

It is also claimed the evidence did not warrant a verdict and judgment for appellee. The testimony was highly conflicting, some witnesses placing the damages much higher than the verdict, while others say the property was not damaged at all, and still others that it was absolutely benefited. It is difficult to comprehend why a sidewalk higher than the floors inside the buildings, and from a few inches to a foot or more higher than the door sills of the doors leading from the sidewalk into the building, should not be an injury to the property. It is apparent that such a condition necessitates either raising the buildings or raising the old floors and putting new ones in. The difficulties of the latter must be obvious, and either method must be attended with considerable expense. We see no reason for disturbing the verdict on that ground.

Appellant asserts that it was not proven appellee was the owner of the property. The stipulation before mentioned refers to it as "this property of Trah's." Most all the witnesses who testified spoke of it as his, and the proof showed he had been in possession of it many years, claiming to own it, and had erected the buildings on it. The deed to Trah

298　　　Appellate Courts of Illinois.

for the property was not offered in evidence but the record of it was. It is insisted that no proper foundation was laid for offering the record. When it was offered only a general objection was made and we are of opinion that this error is not well assigned. Neither do we think the court erred in admitting the photograph marked "Exhibit F." It showed appellee's property as it existed ten or eleven years before the injury complained of, and showed that at that time the door sills of the buildings and the sidewalks were well above the level of the streets. It is argued that it was shown by other evidence that after the photograph was taken and before building the sidewalk in question, the conditions were changed by, to some extent, filling or raising the street. At the time the photograph was offered and the ruling made by the court, there had been no such testimony, and after this testimony was developed no motion was made to exclude the photograph. We see no good reason why the photograph was not competent any way.

We are of opinion appellee proved a case under his declaration; that the law and the evidence warranted a recovery and that there is no reversible error in the record.

The judgment is affirmed.

*Affirmed.*

Reporters' Note. A full note upon the competency, etc., of photographs will be found in 111 Ill. App. 74.