THE VILLAGE OF GRANT PARK

*v.*

JOSEPH TRAH.

*Opinion filed December 20, 1905.*

MUNICIPAL CORPORATIONS—*determination to build walk by special taxation does not settle the question of owner's damages.* The determination by a village board to construct a sidewalk by special taxation, under the Sidewalk act of 1875, is a determination of the question of benefits to the property but is not a determination of the question of damages to abutting property resulting from changing the grade of the walk, and the owner has a right to have such damages assessed by a jury in an action at law.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. R. W. HILSCHER, Judge, presiding.

This was an action on the case, brought in the circuit court of Kankakee county by Joseph Trah, the appellee, against the Village of Grant Park, the appellant, to recover damages occasioned to appellee's lots by the construction of a cement sidewalk by appellant in front and along the side of said lots. The village filed the general issue. A trial before a jury resulted in a verdict for $1260 in favor of the plaintiff. A motion by the village for a new trial was overruled and judgment was rendered upon the verdict. The village appealed to the Appellate Court for the Second District, and that court having affirmed the judgment of the circuit court, appellant now brings the record here for review.

In 1884 appellee purchased lots 9 and 10 of block 18 in the original town of Grant Park. These lots fronted east on Main street, and the south side of lot 10 was on Taylor street. During the same year the lots were purchased Trah erected a building at the corner of Main and Taylor streets and another immediately north of the corner building. Both

buildings were of brick and rested on stone foundations. The top of the foundations and the lower ends of the door sills were about two feet above the ground. Shortly after these buildings were erected a board sidewalk was laid on Main street in front of the lots and on Taylor street on the south side of lot 10. Part of this walk was laid by appellee alone and part by appellee and the village jointly. The grade for the board walk was furnished by an engineer employed by the village of Grant Park. During the years 1889, 1890 and 1896 other brick buildings were erected by appellee, on stone foundations, with reference to the grade of the board sidewalk, the bottom of the door sills of each building being several inches higher than the board sidewalk.

On April 5, 1902, the village of Grant Park passed an ordinance for the construction of a cement sidewalk in front of these two lots on Main street and along the south side of lot 10 on Taylor street. The ordinance particularly specified the grade of the walk to be laid, and required the owner of the lots to construct the same within thirty days, and that in default thereof the walk should be laid by the village and one-half the cost should be collected by special taxation of the lots. The owner having failed to construct the walk within the time specified in the ordinance, the village laid the same in accordance with the specifications and grade contained in the ordinance. This grade was considerably above that of the board sidewalk previously laid, and the cement walk, as constructed, is from three and one-half inches to twelve and one-eighth inches above the thresholds of the doors of the several buildings on the lots.

There is abundance of evidence to support a finding that the construction of the sidewalk at the grade above the thresholds of the doors of the buildings above stated has caused a depreciation in the value of the real estate of at least $1260.

It was stipulated on the trial of the cause that the ordinance under which the walk was built was legally passed and

published, and that the amount charged up against appellee's lots for building the walk was $196.75, which was one-half the cost of the walk, and that the other half was paid by the village. Appellee has not paid this $196.75, or any part thereof, and no judgment has been rendered by the county court against the lots for the special tax.

At the close of all the evidence the village requested the court to give to the jury an instruction in writing directing the jury to find a verdict for the defendant. The court refused this instruction.

The only assignments of error in this court are the refusal to give the peremptory instruction, the refusal of two instructions offered by appellant with its series of instructions, and the giving of one of appellee's instructions.

CHARLES B. CAMPBELL, for appellant.

W. R. HUNTER, and A. L. GRANGER, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant first contends that the peremptory instruction offered at the close of all the evidence should have been given, because the law, as heretofore announced by this court, does not permit the plaintiff to show that his property was damaged by the construction of the sidewalk.

In this connection numerous decisions of this court are called to our attention where it has been held that the determination by a village board or city council that a sidewalk shall be constructed by special taxation is a determination that the property so specially taxed is benefited to the extent of such tax, and that the question whether the decision of the village board is correct cannot be inquired into by the courts; and appellant urges that it necessarily follows from those decisions that such determination by the village board is also a finding that the property has not been damaged, and that the courts are concluded from investigating that ques-

tion except in cases where the ordinance under which the improvement is made is unreasonable or oppressive.

The decisions referred to by appellant were rendered in cases which arose upon application for judgment for delinquent taxes levied under the Sidewalk act of 1875 or under other statutes providing for the making of local improvements by special taxation. They are not applicable to a case brought by a property owner to recover damages occasioned by a change of grade, even though such change of grade is made while constructing a sidewalk or other local improvements, for reasons which are apparent upon a consideration of the question.

In the case at bar, the sidewalk, without taking into consideration the change of grade, was a benefit to the property, while the change of grade, without taking into consideration the sidewalk, was a damage to that property. The village board had authority to determine the extent of such benefit, (*White* v. *People,* 94 Ill. 604; *Pierson* v. *People,* 204 id. 456;) but it had no power to determine the extent of such damages, because the change of grade was a damage to private property within the meaning of section 13 of article 2 of the constitution of 1870, which provides that "private property shall not be taken or damaged for public use without just compensation," and which guarantees appellee the right to have his damages ascertained by a jury. *City of Chicago* v. *Jackson,* 196 Ill. 496.

The separate consideration of the benefits derived from an improvement and the damages caused to the property from making such improvement has been recognized by this court in *City of Bloomington* v. *Pollock,* 141 Ill. 346, *Harwood* v. *City of Bloomington,* 124 id. 48, *Osgood* v. *City of Chicago,* 154 id. 194, *Lake Shore and Michigan Southern Railway Co.*v.*Baltimore and Ohio and Chicago Railroad Co.* 149 id. 272, and *City of Chicago* v. *Lonergan,* 196 id. 518.

No provision is contained in the Sidewalk act of 1875 for ascertaining the just compensation to be made for dam-

ages caused to private property by reason of changing the grade in the construction of the sidewalk, and it necessarily follows that appellee is entitled to have such damages ascertained in this suit.

The peremptory instruction was therefore properly refused.

Appellant also complains of the refusal of the following instruction:

"The court instructs the jury that it is conclusively presumed in this case that the sidewalk in question has benefited the plaintiff's property to the extent, at least, of that part of the cost of said sidewalk which the ordinance in this case provides that plaintiff shall pay."

It was not error to refuse this instruction, for the reason that it stated an abstract proposition of law which was apt to mislead the jury without a further statement in the instruction telling the jury what application they should make of the principle of law announced by the instruction.

The court gave to the jury, on behalf of appellee, an instruction stating that before making any deduction of benefits from damages they should first subtract from the benefits the amount of the special tax which had been charged against plaintiff's property. This instruction is objected to on the ground that there was no evidence that appellee had paid the tax or that the county court had rendered judgment against the property therefor. This point is without merit. The plaintiff was liable to pay the special tax mentioned in the instruction to the collector holding the warrant for the collection thereof, and in default of such payment to have his property returned delinquent and sold to satisfy the tax. This case was tried on the theory that the ordinance under which the sidewalk was built was valid. A stipulation was made in the trial court between the parties hereto that the ordinance was legally passed and published. Plaintiff would therefore be estopped from urging that the ordinance was invalid upon application for judgment and sale of his prop-

erty for the satisfaction of this tax. We think it is immaterial whether the tax had been paid or whether judgment had been rendered for it if the plaintiff is liable to pay the tax, and this is the only difference between this instruction and one which was approved in *City of Bloomington* v. *Pollock*, 141 Ill. 346. For the same reason it was not error to refuse the instruction offered by appellant to the effect that the jury should not take into consideration the special tax in estimating the damages to be awarded to plaintiff.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*