### A. E. DeMange, Appellant, v. City of Bloomington, Appellee.

1. EMINENT DOMAIN—*measure of damages in action predicated upon change of grade.* The measure of damages in cases of this character is the difference in the market value of the property before and after the making of the improvement, and it is incumbent upon the plaintiff to show the amount of such damages over and above the benefits accruing to the property by reason of such improvement, together with the amount assessed against such property for such improvement.

2. DAMAGES—*effect of failure to award nominal damages.* A judgment will not be reversed to enable a plaintiff to recover merely nominal damages.

Action in case. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

STONE & OGLEVEE and J. E. HOFFMAN, for appellant.

Louis Fitz Henry, for appellee; Lester H. Martin, of counsel.

Mr. Presiding Justice Baume delivered the opinion of the court.

This is an action in case. The original declaration alleges that plaintiff is the owner of a dwelling house and lot fronting on a public street known as Roosevelt avenue in the city of Bloomington; that the defendant caused the level or grade of said street to be raised above its former level without plaintiff's knowledge or consent; that the said street as so raised was paved with asphalt and plaintiff was assessed $172.48 for alleged benefits; that in raising the sidewalk upon said street abutting upon the west line of plaintiff's lot the defendant caused large quantities of clay to be deposited upon the premises, as a support for the sidewalk and that such clay partially covered the walk leading from the street to the front door of the house, destroying the walk and rendering it unfit for use and causing the surface of the lot to be below the street level; whereby all the water from said street accumulated upon said lot, flooding the basement and rendering the house unhealthy and dangerous and causing the premises to be flooded, wet and less fit for use and occupation. The additional count further alleges that the grade of said street was raised approximately two feet whereby the plaintiff's premises were rendered unsightly, unsalable and greatly injured, damaged and lessened in rental and market value. The defendant pleaded the general issue and upon a trial by jury there was a verdict of not guilty and judgment against the plaintiff for costs.

It is uncontroverted that the grade of the street in front of plaintiff's premises was raised approximately eighteen inches and that the improvement consisted of an asphalt pavement 26 feet in width, with a fall of 6 inches from its center to the combined concrete curb

and gutter, the curb rising 6 inches above the gutter; that the new sidewalk which superseded the old brick sidewalk was set about 2 inches above the street curb and was so constructed as to leave a space of 13 feet between the said sidewalk and the lot line. The evidence tends to show that plaintiff's lot before the improvement was somewhat lower than the other lots abutting upon said street and that is was then subject to be wet and was slow of drainage, and that its condition in that respect was rather aggravated than otherwise by the improvement, and by the partial filling of the adjoining lot on the south; that the plaintiff was obliged to expend some money in raising his dwelling house and the foundation walls, and the sidewalk leading from the house to the street; that the property, in the immediate vicinity of plaintiff's lot, by reason of its proximity to railroad tracks and the street railway and light and power plants, and because the surface of the ground was low, was not desirable for residence purposes. The evidence shows that after deducting the rebate, the cost to plaintiff of the improvement was $161.93. The plaintiff testified that including the expense incurred by him in an effort to remedy the conditions brought about by the improvement of the street his property had, by reason of such improvement, depreciated in value from $400 to $450. He further testified that the present market value of the property was $1,800.

The measure of damages in cases of this character is the difference in the market value of the property before and after the making of the improvement and it was incumbent upon the plaintiff to show the amount of such damages over and above the benefits accruing to the property by reason of such improvement, together with the amount assessed against said property for such improvement. City of Bloomington v. Pollock, 141 Ill. 346; Village of Grant Park v. Trah, 218 Ill. 516. Upon this issue the evidence is in hopeless conflict. It may be that upon a consideration of the

evidence as it appears in the record we should be inclined to find that the plaintiff had sustained some damages, but we cannot say that the failure of the jury to award such damages was so manifestly against the weight of the evidence as to require a reversal of the judgment.

Counsel for plaintiff seek to discredit the testimony of some of the witnesses called on behalf of the defendant by characterizing them individually as a city engineer; a roust-about in the employ of the city; a jeweler and former alderman; a second-hand dealer and constable and cobbler. The weight to be given to the testimony of these witnesses was peculiarly a question for the jury and in the face of the verdict and its approval by the trial court we are not disposed to discredit the testimony of such witnesses solely because of their several occupations.

The evidence introduced on behalf of the defendant warranted the jury in finding that the fair cash market value of the property before the improvement was from $1,000 to $1,200 and the admission by the plaintiff that the fair cash market value of the property after the improvement was $1,800, justified a finding that plaintiff was not entitled to recover any damages by reason of such improvement.

It is earnestly insisted on behalf of the plaintiff that he was entitled at least to nominal damages upon the uncontroverted evidence that defendant deposited some clay on the property. Without considering the question whether or not under the declaration in the case, the plaintiff could recover damages for a mere trespass, it is sufficient to call attention to the well-established rule that a judgment will not be reversed to enable a plaintiff to recover merely nominal damages.

There was no allegation in the declaration which authorized a recovery of damages by the plaintiff by reason of the filling by the defendant of the adjoining

lot, and the court did not err in excluding evidence in that regard.

There is no basis in the record for plaintiff's complaint that he was not permitted to show what was necessarily done in bringing the property up to the raised street grade and the cost thereof. The plaintiff testified fully as to the cost incurred by him in an attempt to remedy the condition brought about by raising the grade of the street, and a recital in detail of the work done was wholly unnecessary, in view of the fact that the total amount of the expense incurred by the plaintiff was the only material element to be determined.

While the trial court might with propriety have permitted the testimony of plaintiff's tenant, Maggie Richardson, with reference to the amount of depreciation in the market value of the property, by reason of the improvement, to have stood, the cross examination of said witness developed the fact that her testimony upon that issue was of so little value that plaintiff could not have been harmed by the action of the court in striking it out.

Other objections urged as to the action of the court in admitting and excluding certain testimony are not of sufficient importance to merit discussion. Some of the objections so urged are not properly preserved for review.

The objection to the modification by the court of two instructions given at the instance of the plaintiff whereby the raising of the street grade is referred to as "the said improvement" and whereby the word "presumed" immediately preceding the words "special benefits" was stricken out, are without force, especially in view of the fact that the first and second instructions given at the request of plaintiff contain the expressions complained of.

The second and third instructions offered by the

plaintiff and refused by the court were properly refused, because they ignore the effect upon the market value of the property of the improvement as a whole. The fourth instruction tendered by the plaintiff and refused by the court was not proper to be given under the declaration as framed.

The first instruction given at the instance of defendant is supported by the evidence of the witness Maggie Richardson, who testified that surface water would sometimes run onto plaintiff's lot from the adjoining lot on the south, and the instruction properly informed the jury that for any damage occasioned to plaintiff's lot by such surface water the defendant was not liable. The declaration charges that the dust from the raised level of the street occasioned injury to plaintiff's property, and there being no proof in the record to sustain such allegation the jury were not improperly instructed that plaintiff could recover no damages therefor. Defendant's fourth given instruction referred to the damages, if any, to plaintiff's lot, from surface water flowing thereon from the street as alleged in the declaration, and informed the jury that if no damage was caused by such surface water, but that the damage, if any, was caused by surface water from other sources, they should find for the defendant on that point. The instruction did not direct a verdict upon the whole case and taken in connection with the other given instructions it could not have harmed the plaintiff. While the defendant's fifth instruction partially ignores plaintiff's liability for the special assessment this element was fully covered by the third instruction given at the instance of the plaintiff. The statement in the instruction that "there can be no damage to property without a pecuniary loss" necessarily included the payment by the plaintiff of the special assessment. The use in the instruction of the expression "the pavement" included the improvement as a whole and the jury could not have been misled by the failure of such instruction to

refer to the raising of the street grade, which was a constituent part of the improvement. The seventh and eighth instructions were as pertinent to the case at bar as they are to any case tried by a jury, and were properly given. Defendant's tenth instruction was a correct statement of the law applicable to the case and could not have operated to mislead the jury. What we have heretofore said sufficiently meets the objections urged to the eleventh, twelfth and thirteenth instructions given at the instance of the defendant.

We find no reversible error in the record and the judgment of the circuit court will be affirmed.

*Affirmed.*