## B. E. Cooper, Appellee, v. City of Johnston City, Appellant.
## Joseph Barham, Appellee, v. City of Johnston City, Appellant.

1. JUDGMENTS—*one good count sufficient to sustain.* One good count in a declaration supported by the evidence is sufficient to sustain a judgment, though other counts are not supported by the evidence.

2. CITY—*when liable for damages from filling street.* Where the property of an abutting owner is damaged as a result of filling the street without providing sufficient openings to carry off the surface water, as it flowed in a state of nature, the city is liable for such damages.

3. DAMAGES—*change of grade.* Where the evidence as to the extent the property of an abutting owner was damaged by the filling of a street is conflicting, but the verdict was well within the amounts fixed by a number of the witnesses, the judgment on such verdict will not be disturbed.

4. DAMAGES—*injuries to lots, due to filling of street.* An assessment of $200 and $230 respectively as damages sustained by the owners of two lots abutting on a street, the filling in of which caused the said lots to be overflowed, leaving a deposit of filth and sediment and polluting the water in the wells is not excessive.

Appeal from the Circuit Court of Williamson county; the Hon. W. W. CLEMENS, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

WILLIAM H. WARDER, for appellant.

HARTWELL & WHITE, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

These were separate actions brought by appellees to recover damages alleged to have resulted to their several premises by raising the grade of a street in the appellant city. The cases were consolidated and tried together, and there was a verdict and judgment in favor of appellee Cooper for the sum of two hundred

and thirty dollars and in favor of appellee Barham for the sum of two hundred dollars.

The only questions argued by appellant in this court are, that the court erred in not giving a peremptory instruction to disregard the third counts in each declaration, and in not sustaining a motion for a new trial on the ground the verdicts were clearly against the weight of the evidence. No objection was or is made to the sufficiency of the first and second counts of each declaration to sustain the judgments, and it follows that if the third counts were not supported by the evidence, the judgments must stand if the first and second counts were so supported. One good count in a declaration supported by the evidence is sufficient to sustain a judgment although other counts are not supported by the evidence. Olson v. Kelly Coal Co., 236 Ill. 504.

The evidence discloses that appellees each owned a lot fronting on Trout street in Johnston City. Each lot was improved by a small dwelling house in which appellees respectively lived with their families. There were also some small buildings or outhouses on each lot. The dwellings fronted west and the west line of the lots abutted on the east line of the street. The street was crossed by other streets at both ends of the block on which the lots were located.

Between the cross streets the natural surface was lower along Trout street and the city filled it all the way between the cross streets to a depth of from one to two and a half feet leaving a culvert across the street which was there before the street was filled. Prior to the filling done by appellant the street and appellees' lots were practically on the same level but the ground sloped to the west and surface water falling upon appellees' lots which were adjoining each other and located in a low place, ran off along the surface of the ground to the west and through the culvert mentioned.

It was claimed by appellees that the filling and

grading of Trout street without sufficient openings to carry the water had the effect of backing the water on their premises which had been accustomed to flow off rapidly over Trout street. A number of witnesses testified in support of this claim and it was shown that before the grading the water after a rainfall would flow off in a few moments and that since the street was graded the water is higher and stands and accumulates filth and sediment on the premises. Appellee Cooper testified that the well on his premises had been overflowed and the water rendered unfit to use on one occasion.

The decided weight of the evidence shows that the property had been damaged as a result of filling the street without providing sufficient openings to carry off the surface water falling there as it flowed in a state of nature. This injury to private property showed a clear liability to respond in damages if any resulted.

The city has the right to make improvements of its streets but if an abutting owner is damaged thereby he is entitled to just compensation. Const. 1870; A. H. 2, Sec. 13; City of Bloomington v. Pollock, 141 Ill. 346; Village of Grant Park v. Trah, 218 Ill. 516.

On the measure of damages there was conflict in the evidence. Some witnesses testifying to larger sums than were recovered and some on behalf of appellant that the property was not damaged in any degree. The question was for the jury. The verdicts were well within the amounts fixed by a number of witnesses and we perceive no reason why the judgments should not be affirmed and they are each affirmed accordingly.

*Affirmed.*