## City of Alton, Appellant, v. George Miller, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by George Miller, plaintiff, against the City of Alton, defendant, to recover damages for the construction by defendant of a certain sidewalk above grade in front of plaintiff's building. From a judgment for plaintiff for $1,416, defendant appeals.

WILLIAM P. BOYNTON, for appellant.

J. V. E. MARSH, for appellee.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 449*—*when pleas of estoppel by judgment in action for damages for construction of sidewalk are insufficient.* In an action to recover damages against a city for the construction by it of a certain sidewalk above grade in front of plaintiff's building, special pleas setting up as *res judicata* of all questions of benefits and damages and estoppel of plaintiff, certain tax levy proceedings in court for the construction of said sidewalk, *held* insufficient to charge that the provisions of the Local Improvement Act regulating the method of ascertaining compensation to be made for property taken or damaged were complied with in said proceedings, and demurrers thereto were properly sustained, as said pleas failed to allege that the petition in said proceedings prayed for steps to be taken to ascertain the just compensation to be made for private property to be taken or damaged

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for such improvement, or that said petition described plaintiff's property as property which would be so taken or damaged, or that on the filing of such petition certain appointments required by said act were made for the purpose of investigating and reporting as to such compensation, or that any report was made, filed or certified as to plaintiff's property in such proceeding, or that defendant in any other respect proceeded according to said act for ascertaining such compensation.

2. APPEAL AND ERROR, § 1458*—*when variance between declaration and proof is immaterial.* Failure to prove or introduce in evidence certain ordinances referred to in certain additional counts of the declaration, *held* immaterial on appeal where the original declaration was sufficient to sustain the judgment.

3. MUNICIPAL CORPORATIONS, § 449a*—*when evidence sufficient in action for damages for construction of sidewalk above grade.* In an action by a property owner against a city to recover damages for the construction of a sidewalk above grade, in front of plaintiff's building, evidence *held* to support the charge in the declaration that defendant constructed the sidewalk at a higher elevation than the established grade, or the grade upon which plaintiff had constructed his sidewalk.

4. MUNICIPAL CORPORATIONS—*when city estopped to claim that grade is not proper.* Where plaintiff erected his building and laid his sidewalk in front thereof in accordance with the grade fixed, on plaintiff's application, by the defendant's engineer, on an improved street, with brick pavement and curbing along the side, and the curbing in front of plaintiff's premises at grade, *held* that defendant would be estopped from claiming that the grade of the curb was not the proper grade in front of plaintiff's premises.

5. MUNICIPAL CORPORATIONS, § 430*—*when city liable for construction of sidewalk above grade.* Whether the grade furnished plaintiff by defendant city upon which he erected his building and built his sidewalk was too low, or defendant, in building its sidewalk, got it above the proper grade, *held* that defendant would be liable for the condition created.

6. MUNICIPAL CORPORATIONS, § 450*—*when evidence as to statements by plaintiff that he thought his building was above grade is immaterial.* In an action by a property owner against a city to recover damages for the construction of a sidewalk above grade in front of plaintiff's building, evidence as to statements by plaintiff that he thought his building was constructed too low, *held* properly excluded, as such statements would have no tendency to show plaintiff did not properly construct his building in compliance with the established grade.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7.  MUNICIPAL CORPORATIONS, § 452*—*when instructions on damages for construction of sidewalk above grade properly refused as not in conformity with evidence.*  In an action by a property owner against a city to recover damages for the construction of a sidewalk above grade in front of plaintiff's building, instructions ignoring the evidence tending to show that in determining the grade at which plaintiff would erect his building he was governed by a grade established by the proper officers of defendant, *held* properly refused.

8.  INSTRUCTIONS, § 151*—*when refusal of requested instruction proper.*  Refusal to give an instruction worded somewhat differently from but the substance of one already given, *held* not erroneous.

9.  MUNICIPAL CORPORATIONS, § 453*—*when damages for construction of sidewalk above grade are not excessive.*  A verdict for $1416 damages *held* not excessive where by reason of the construction of defendant's sidewalk above grade the market value of plaintiff's premises was depreciated, water was thrown into his building and basement, causing the building and walls to settle and crack, and the testimony of witnesses familiar with conditions estimated the damages at from $1,500 to $3,000.

10.  APPEAL AND ERROR, § 1236*—*when defendant may not complain on review that damages are excessive.*  Where defendant did not controvert plaintiff's claim as to the character of the injuries inflicted upon him or their effect on his building, or call any witnesses to testify upon the question of depreciation in value of plaintiff's building or refute the valuations testified to by plaintiff's witnesses, *held* that defendant could not complain on review that the damages were excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.