## Louise A. Botsford, Appellee, v. City of Elgin, Appellant.

### Gen. No. 6,643.

1. MUNICIPAL CORPORATIONS, § 449*—*what declaration in action for damages for change of grade need not allege.* A declaration in an action against a city for damages for a change of grade in a street need not allege that the acts complained of resulted in a depreciation of the fair cash market value of the premises.

2. JUDGMENT, § 679*—*when plea of res adjudicata insufficient.* In an action for damages caused by a change of grade, a plea setting up the special assessment proceedings and judgment of the County Court confirming the assessment roll, which included adjustments, is insufficient to show *res adjudicata* in failing to aver proceedings to ascertain damages to the plaintiff's property, under section 13 *et seq.* of the Local Improvement Act (J. & A. ¶ 1400 *et seq.*).

3. MUNICIPAL CORPORATIONS, § 425*—*right of action in abutting owner for damages for change of grade.* An abutting owner has a legal right of action for damages sustained by a change of grade in a street improvement.

4. MUNICIPAL CORPORATIONS, § 606*—*how damages sustained by abutting owner through street improvement cannot be determined.* Damages sustained by an abutting owner through a street improvement cannot be determined in the proceedings in the County Court instituted merely for confirmation of the assessment, nor can they be urged as a defense to the assessment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the City Court of Elgin; the Hon. FRANK E. SHOPEN, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed February 8, 1919. *Certiorari* denied by Supreme Court (making opinion final).

EUGENE CLIFFORD, for appellant.

R. S. EGAN and JOHN K. NEWHALL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The City of Elgin took the necessary steps under the Local Improvement Act of 1897 (J. & A. ¶ 1388 *et seq.)* to pave Division street by passing an ordinance providing for this improvement and the payment of the same by special assessment of the property fronting on the street; and a special assessment was duly made and a petition filed in the County Court for confirmation of the assessment roll; and the assessment roll was made legally effective, by judgment entered confirming the same in the County Court.

This suit was brought by the appellee, Louise A. Botsford, against the appellant, City of Elgin, in the City Court of Elgin, to recover damages, which, she alleges, she suffered on account of the action of the city in cutting down the grade of Division street in front of her premises for the purpose of making the local improvement and laying the pavement in question; that the grade of said street, which had existed for a period of more than 25 years prior to the time it was cut down by the city, had given her easy, direct and convenient access to and from the premises in question; but that the improvement of said street as made cut off her ready means of ingress and egress; and that by reason thereof she sustained damages to the amount of $5,000. There was a trial by jury which resulted in a verdict and judgment in favor of the appellee for $800. From the judgment this appeal is prosecuted.

It is contended by the appellant that the declaration does not state a cause of action, because there is no averment in the declaration that the acts of the city complained of resulted in a depreciation of the market value of the premises. It is true that a depreciation in the fair cash market value of the premises is the measure of damages, but it is not necessary that the measure of the damages should be stated in the declaration. The declaration has the usual *ad damnum* clause, and this is a sufficient averment on the matter of damages sustained.

It is also contended that the court erred in sustaining a demurrer to the appellant's third special plea, which sets up the special assessment proceedings in the County Court for the confirmation of the assessment, and also sets up the judgment of the court confirming the assessment roll, which included adjustments for benefits by reason of the improvement to the property here involved; and it is claimed that the matters contained in the special pleas were *res adjudicata* on the question of damages resulting to the appellee on account of the construction of the pavement. There is no averment in the plea that any proceedings were had under section 13 and subsequent sections of the Local Improvement Act (J. & A. ¶ 1400 *et seq.*), to ascertain what, if any, damages resulted to the property of the appellee for the purpose of making such compensation to her therefor, as provided for in said act. The matters alleged in the plea, therefore, were insufficient to constitute *res adjudicata* on the question of damages, and did not present a legal defense to this action, and the demurrer was properly sustained to the plea. *City of Alton v. Miller*, 206 Ill. App. 155.

The legal right to sue for and recover damages from a city in this kind of an action because of changes in the grade of the street is clearly established. *City of Elgin v. Eaton*, 83 Ill. 535; *Rigney v. City of Chicago*, 102 Ill. 64; *Chicago & W. I. R. Co. v. Ayres*, 106

Ill. 511; *City of Bloomington v. Pollock,* 141 Ill. 346; *City of Joliet v. Blower,* 155 Ill. 414; *City of Chicago v. Jackson,* 196 Ill. 496.

The damages claimed by the appellee could not be determined in the proceedings in the County Court, instituted merely for the confirmation of the special assessment made to carry out the contemplated local improvement, and could not have been urged as a defense to the assessment. *White v. City of Alton,* 149 Ill. 626.

A pavement might be of benefit to the property, and, at the same time, the cutting down of the grade of a street to lay the same might result in damage; and the consideration of benefits derived directly from the pavement is a question separate and apart from the matter of damages caused by cutting down the grade of a street. *Village of Grant Park v. Trah,* 218 Ill. 516.

The proof in this case shows that the appellee did suffer damages to the full extent of the amount recovered.

We find no error in the record, and the judgment is therefore affirmed.

*Affirmed.*